UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL VANFREDENBERG,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 15-cv-05496 RBL JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: January 1, 2016 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 10, 11, 12).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical opinion of treating physician, Dr. Kim. The ALJ's finding that his opinion is inconsistent with the objective medical evidence is not based

on substantial evidence in the record as a whole and fails to account for significant objective medical evidence. In addition, substantial evidence in the record does not support a finding that Dr. Kim's opinion is based to a large extent on plaintiff's self-reports.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, PAUL VANFREDENBERG, was born in 1968 and was 43 years old on the alleged date of disability onset of November 5, 2011 (*see* AR. 236-37). Plaintiff graduated from high school and had some company apprentice training in drywall (AR. 53). Plaintiff has work history in heavy construction-type work (AR. 64). He stopped working because of his medical condition (AR. 269).

According to the ALJ, plaintiff has at least the severe impairments of "Obesity; degenerative disc disease; anxiety disorder, not otherwise specified; [and] polysubstance abuse in status full remission (20 CFR 404.1520(c) and 416.920(c))" (AR. 22).

At the time of the hearing, plaintiff was renting a room in his mother's home (AR. 54).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 91-99, 100-08, 111-25, 126-40). Plaintiff's requested hearing was held before Administrative Law Judge Scott Morris ("the ALJ") on July 9, 2013 (*see* AR. 44-88). On October 25, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 38-42).

On May 15, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2015 (*see* Dkt. 1). Defendant filed the sealed administrative record regarding this matter ("AR.") on September 21, 2015 (*see* Dkt. 8).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the administrative law judge ("ALJ") provided legally sufficient reasons for rejecting several medical source opinions or aspects thereof; (2) Whether or not the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony; (3) Whether or not the ALJ provided germane reasons for rejecting the lay testimony; and (4) Whether or not the ALJ met his burden of showing that there were other jobs plaintiff could perform at step five of the sequential evaluation process (*see* Dkt. 10, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the administrative law judge ("ALJ") provided legally sufficient reasons for rejecting several medical source opinions or aspects thereof.**

Plaintiff contends that the ALJ's rejection of the June 14, 2013 opinion from treating physician Dr. Albert H. Kim, M.D., is "particularly egregious since it was the most detailed and the most recent medical opinion in the record" (Dkt. 10, p. 3). Defendant contends that the ALJ relied properly on a finding that Dr. Kim's assessed limitations were inconsistent with the objective medical evidence and on a finding that Dr. Kim's opinion was based on plaintiff's subjective complaints (Dkt. 11, pp. 10-12). Plaintiff replies that the ALJ's rejection of Dr. Kim's opinion is "based on a selective reading of the evidence and [that the ALJ] impermissibly substituted his own opinion for that of a treating physician . . . . [even though] treating physician opinions should not be dismissed lightly [and] are entitled to the greatest amount of weight of any medical source" (Dkt. 12, pp. 1-2).

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat

PLAINTIFF'S COMPLAINT - 4

the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

The ALJ failed to credit the medical opinion of treating physician Dr. Kim in part due to a finding that "Dr. Kim limits the claimant in his ability to hear, despite no evidence of a hearing impairment anywhere in the record" (AR. 28). However, a tetratone audiogram performed on April 27, 2012, revealed mild hearing loss in both ears (AR. 491). Therefore, this reason provided by the ALJ is not supported by substantial evidence in the record as a whole.

The ALJ also failed to credit fully the opinion from Dr. Kim with a finding that Dr. Kim's opinions regarding exertional limitations are inconsistent with x-rays taken in March 2013 which, according to the ALJ, indicated only mild degenerative disc disease (*see* AR. 28). However, plaintiff's x-rays revealed more than simply mild degenerative disc disease. For example, x-rays of plaintiff's thoracic spine showed "bulky flowing osteophytes," and the radiologist Dr. Andrew Hardy, M.D. provided his overall impression of likely "combination of degenerative disc disease and diffuse idiopathic skeletal hyperostosis ["DISH"]" (AR. 597). Similarly, x-rays of plaintiff's lumbar spine showed "degenerative disc disease of the mid to lower lumbar spine and lower thoracic spine, with facet arthropathy of L5 -S1" (AR. 558). When interpreting the lumbar spinal x-rays, Dr. Hardy also opined that there likely was a "pars interarticularis defect at left L5" (fracture of the vertebrae) (*id.*). Therefore the ALJ's conclusion that the x-rays revealed simply mild degenerative disc disease, too, is not supported by substantial evidence in the record as a whole. For these reasons, the Court concludes that the ALJ's

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

finding of an inconsistency is not supported by substantial evidence in the record as a whole and does not entail a legitimate reason for failing to credit fully Dr. Kim's opinions.

The ALJ relied on his finding regarding a lack of objective medical evidence for a hearing impairment and on his finding that plaintiff's x-rays revealed only mild degenerative disc disease when the ALJ provided his further assessment that it "is clear that Dr. Kim's opinion is based on the claimant's subjective complaints regarding his impairments" (AR. 28). However, as the above-discussed findings are not based on substantial evidence in the record as a whole, as already found by the Court, they do not support the ALJ's dependent finding that Dr. Kim based his opinion on plaintiff's subjective complaints regarding his limitations. In addition, the Court finds persuasive plaintiff's argument that to the extent that "the acting Commissioner is arguing that the consideration of any subjective complaints automatically invalidates a medical source opinion, she is incorrect" (Dkt. 12, p. 4). Plaintiff persuasively argues that doctors "must take into account their patient's complaints when evaluating and/or treating them [and to] suggest otherwise would be absurd" (*id.*). However, as conceded by plaintiff, an ALJ properly can decline to adopt any medical opinion "'premised to a *large* extent upon the claimant's own [properly discounted] [1] accounts of his symptoms and limitations'" *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999) *(quoting Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir. 1989))) (emphasis added).

---

[1] The Court also concludes herein that the ALJ did not properly discount plaintiff's credibility, *see infra*, section 2.

When providing his opinions regarding functional limitations, Dr. Kim specifically mentioned plaintiff's MRI (AR. 578), which included findings such as "a small broad-based disc protrusion" posteriorly on the right of L5-S1, as well as posteriorly on the left at L4-5; and "moderate facet arthrosis" at both of these levels (AR. 646). In addition, treatment notes from Dr. Kim on December 7, 2012, indicate that plaintiff exhibited "mild tenderness in parathoracic muscles" upon examination (AR. 571). The ALJ has failed to point to substantial evidence in the record demonstrating that Dr. Kim's opinion was premised largely on plaintiff's self-report. Therefore, the ALJ's implied finding that Dr. Kim's opinion was "'premised to a large extent upon the claimant's own accounts of his symptoms and limitations'" is not based on substantial evidence in the record as a whole and does not provide a legitimate basis for failing to credit fully his opinion. *See Morgan, supra,* 169 F.3d at 602 *(quoting Fair, supra,* 885 F.2d at 605).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ failed to provide specific and legitimate reasons based on substantial evidence in the record as a whole for the failure to credit fully the opinions of Dr. Kim. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the

ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, Dr. Kim opined that plaintiff only could sit for 30 minutes at a time for a total of two hours in an eight-hour day; stand for 20 minutes at a time for a total of two hours in an eight-hour day; walk for 10 minutes at a time for a total of one hour in an eight-hour day; and needed to lie down for the remainder of the time (AR. 621-22). These limitations were not accommodated into plaintiff's residual functional capacity ("RFC"), which included a finding that plaintiff is capable of performing light work as defined in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b) (*see* AR. 24). *See also* 20 C.F.R. § 404.1567(b) (light work "requires a good deal of walking or standing, or [] [] [] sitting most of the time . . ."); 1983 SSR LEXIS 30 at 14 (light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Furthermore, the vocational expert testified that an individual who must lie down and take a half hour rest break in the middle of the day could not perform any of the jobs that have been identified in support of the ALJ's decision and that such limitation would

greatly erode the labor market (AR. 85-86). Therefore, had the ALJ credited fully the opinions of Dr. Kim, the RFC would have differed greatly and likely would have resulted in a finding of disability. Therefore, the Court cannot conclude with confidence that "'no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, *supra,* 792 F.3d at1173 (*citing Stout,* 454 F.3d at 1055-56). Hence, the ALJ's error in the evaluation of the opinion of treating physician Dr. Kim is not harmless. *See id.*

The Court also notes plaintiff's arguments that the ALJ relied on medical opinions from medical sources who did not have the benefit of reviewing all the evidence in the record (*see* Dkt. 10, p.8 ("Drs. Palasi and Merrill base their opinions only on the evidence they reviewed, but did not have all the evidence that was before the ALJ at the time they rendered their opinions"); p. 9 ("it is not clear that Dr. Eather considered all the evidence in the record")); and that the ALJ relied on medical opinions but did not adopt all of the findings in those opinions into the RFC (*see id.* at p. 7 ("the ALJ also claimed to [rely] on the opinions of non—examining medical consultants, Drs. Palasi and Merrill," however "Dr. Merrill opined that [plaintiff] needed to alternate between sitting and standing every two hours (internal citation to AR. 104-06, 135) [and the] ALJ did not include such limitation in his RFC finding (internal citation to AR. 24)"; pp. 8-9 "the ALJ omitted from his RFC finding several functional areas that were addressed by the medical evidence, despite claiming to accept all the mental health providers' opinions from the relevant period," including specified opinions from Drs. McCollom and Dr. VanFossen)). Because of these arguments and the record as a whole, and because the Court already has

concluded that this matter must be reversed and remanded for further evaluation of the medical evidence due to the harmful error in the assessment of the opinion of Dr. Kim, the Court concludes that all of the medical evidence should be evaluated anew following remand of this matter.

> (2) **Whether or not the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

However, the Court notes that the determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. This the ALJ failed to do as he found only that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," without specifying which symptoms were reasonably based on a medically determinable impairment and which ones were not (AR. 25).

In addition, the Court notes that once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *2, 1996 SSR LEXIS 4 at *3 (this Ruling emphasizes that a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence"). Although defendant contends that the ALJ also "relied on plaintiff's conservative treatment history and evidence of treatment effectiveness in finding him not entirely credible," nowhere in the ALJ's written decision did the ALJ specify such reliance (*see* Dkt. 11, p. 8). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196); *see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the

claimant's complaints'") (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

The only other reason other than the objective medical evidence provided by the ALJ for his failure to credit fully plaintiff's testimony was the ALJ's finding that plaintiff's activities of daily living are inconsistent with his other allegations. However, the Court finds persuasive plaintiff's argument that the ALJ "drew unreasonable inference[s] about [plaintiff's] ability to perform these activities" (Dkt. 12, p. 7; *see also* Dkt. 10, pp. 13-14). For example, the ALJ noted that plaintiff "frequently walks to the library and his Alcoholics Anonymous meetings" (AR. 27). However, the ALJ fails to note plaintiff's testimony that his AA meetings were three blocks from his house and that the library was about the same distance (AR. 70, 71). As plaintiff testified that these walks take him about seven minutes and, as noted by the ALJ, plaintiff "testified he can walk for 15 minutes before needing to rest," the ALJ's implied finding that plaintiff's ability to walk to the library and his AA meetings contradicts his allegations regarding his walking limitation is a finding that is not based on substantial evidence in the record as a whole. Similarly, the ALJ notes that plaintiff "prepares meals," but failed to note plaintiff's testimony that he prepares food for himself once a day by microwave or by eating cereal or other food straight out of a can (AR. 27, 342).

The ALJ's implied finding that plaintiff conducts his daily activities differently than he indicates is not based on substantial evidence in the record, but is based on speculation. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22 (an ALJ may not speculate). In

order to avoid circular reasoning, an ALJ must have a valid reason for finding a claimant not credible before finding that a claimant does his activities of daily living differently than the claimant testifies to, then relying on this speculation regarding the daily activities in order to support an adverse credibility finding. *See id.* An ALJ's finding that a claimant is not credible must be based on specific evidence that undermines the claimant's complaints, not on findings that presume first that a claimant is not credible. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

      Furthermore, the Court notes that the ALJ failed to make any specific finding regarding transferability of plaintiff's activities to a work setting and failed to identify any specific contradiction between plaintiff's activities and his allegations. Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch*

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 13

*v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). As the ALJ failed to make any specific finding regarding transferability and failed to identify any specific contradiction, the ALJ failed to meet the standard. The only other reason offered by the ALJ for his credibility determination is the discussion regarding objective medical evidence, which is very general, did not identify which evidence undermines the claimant's complaints and, as noted, cannot by itself provide an adequate basis for his failure to credit fully plaintiff's credibility. *Greger*, *supra*, 464 F.3d at 972 (*quoting Morgan*, *supra,* 169 F.3d at 599); *Bunnell*, *supra,* 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *2, 1996 SSR LEXIS 4 at *3.

The Court finds persuasive plaintiff's argument that the ALJ "listed findings relating to [plaintiff's] back condition without explaining how they contradicted [plaintiff's] testimony" (Dkt. 12, pp. 6-7). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger*, *supra,* 464 F.3d at 972 (*quoting Morgan*, *supra,* 169 F.3d at 599); *see also Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen*, *supra,* 80 F.3d at 1284 (citation omitted).  This, the ALJ failed to do. An eight paragraph recitation of the medical evidence does not entail specific identification of what testimony is credible and what evidence undermines plaintiff's complaints. *See id.* In addition, as noted by plaintiff, the ALJ failed to point to any objective evidence rejecting plaintiff's testimony regarding his foot pain and, as argued by plaintiff, the "existence of a foot impairment is documented in the records, and contributed to [plaintiff's] difficulty standing and walking" (Dkt. 10, p. 11 (*citing* AR.

441, 469, 471, 476-77 (diagnosis of arthralgia), 502-03 ("mild [right] heel tenderness on palpation"))). Plaintiff's credibility must be assessed anew following remand.

### (3) Whether or not the ALJ provided germane reasons for rejecting the lay testimony and whether or not the ALJ met his burden of showing that there were other jobs plaintiff could perform at step five of the sequential evaluation process.

Because the Court has concluded that this matter must be reversed and remanded for further evaluation of the medical evidence, *see supra*, section 1, the lay testimony and the remainder of the sequential disability evaluation process should be completed anew following remand of this matter.

## CONCLUSION

The ALJ erred when evaluating the medical opinion of treating physician Dr. Kim. The ALJ's finding that Dr. Kim's opinions were inconsistent with the objective medical evidence, including plaintiff's x-ray results and an (unsubstantiated) finding regarding a lack of substantiation for hearing loss, is not based on substantial evidence in the record as a whole. In addition the ALJ's finding that Dr. Kim's opinion was based largely on plaintiff's subjective self-report is not based on substantial evidence in the record as a whole. Neither of the reasons provided by the ALJ for his failure to credit fully the opinions of Dr. Kim is legitimate. The ALJ also erred when assessing plaintiff's credibility.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report

1  and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should be
2  closed.
3      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.
5  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
6  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).
7  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
8  matter for consideration on January 1, 2016, as noted in the caption.
9      Dated this 8th day of December, 2015.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 16